# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Case No. 5:18-CR-00220-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) RESPONSE IN OPPOSITION TO |
| v. | ) GOVERNMENT MOTION TO STAY |
| | ) |
| BRYANT DENNINGS, JR. | ) |

On July 14, 2020, the Government filed a motion to stay this matter pending issuance of the mandate in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). The Court should deny that motion. The Fourth Circuit has denied rehearing en banc, with no judge calling for a poll. *United States v. Gary*, Fourth Cir. No. 18-4578, ECF No. 64. Even if the Fourth Circuit grants the pending motion to stay the mandate in that case, this Court should nonetheless deny the Government's motion.

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The Government has failed to make such a showing here. The appeal as of right in Mr. Gary's case is complete and any further review by the Supreme Court is speculative and does not present a compelling reason to hold this case in abeyance. The Supreme Court receives approximately 7,000 to 8,000 petitions for a writ of certiorari each Term and only hears oral argument in about eighty of them, for a grant rate of approximately one percent. *See* Supreme Court of the United States, Frequently Asked Questions, https://www.supremecourt.gov/about/faq_general.aspx (last visited July 20, 2020). What is more, under current Supreme Court Rules, the Government would have until December 4, 2020 to file a petition for certiorari, rendering any review, even if granted, unlikely to occur before October Term

1

2021, with any opinion expected by June 2022—nearly *two years* from now. All of this delay severely prejudices Mr. Dennings, who has been in custody most of his young adult life thus far serving a sentence from November 1, 2017 on the basis of a constitutionally invalid guilty plea.

The Government also stacks delay upon delay. The Government seeks a stay pending issuance of the *Gary* mandate and another month *after that* in which to respond to Mr. Dennings' motion. Gov. Mot. at 4. This request ignores the statute's mandate requiring courts to "grant a prompt hearing" on motions to vacate. 28 U.S.C. § 2255(b). Rule 4 of the Rules Governing Section 2255 Cases reinforces that mandate, instructing the clerk of court to "promptly forward" motions to the judge and directs the court to "promptly examine" them. The court is directed to "order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Government has not shown clear and convincing circumstances that outweigh Mr. Dennings' liberty interest from a constitutionally invalid conviction. What is more, the Government's boilerplate language preserving objections has no application here: Mr. Dennings' petition is timely (it was filed within one year of the Supreme Court's decision in *Rehaif v. United States*¸ 139 S. Ct. 2191 (2019)) and Mr. Dennings has no pending Section 2255 motion that would need to be amended nor has he had a previous Section 2255 motion decided on the merits that would require him to seek authorization from the Fourth Circuit to file a second or successive Section 2255 motion.

WHEREFORE, it is respectfully requested that this Honorable Court deny the Government's motion for a stay and direct it to respond promptly to Mr. Dennings' Section 2255 petition.

Respectfully submitted this the 21st day of July, 2020.

                                      GUIRGUIS LAW, PA

                                      <u>/s/ Nardine Mary Guirguis</u>
                                      Nardine Mary Guirguis
                                      PANEL Attorney
                                      434 Fayetteville St., Suite 2140
                                      Raleigh, North Carolina 27601
                                      Telephone: (919) 832-0500
                                      Facsimile: (919) 246-9500
                                      nardine@guirguislaw.com

                                      *Designation: CJA Appointed*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the Assistant Attorney for the United States electronically at the following address:

> Asia J. Prince
> Assistant United States Attorney
> Asia.prince@usdoj.gov
> 150 Fayetteville Street, Suite 2100
> Raleigh, North Carolina 27601

This 21st day July 2020.

> GUIRGUIS LAW, PA
>
> /s/ Nardine Mary Guirguis
> Nardine Mary Guirguis
> PANEL Attorney